**MR. and Mrs. R., on their own behalf and on behalf of their son, S.R., Plaintiffs**

v.

**MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 35, Defendant**

**No. CIV. 00–242–P–C.**

United States District Court, D. Maine.

Dec. 12, 2003.

Richard L. O'Meara, Murray, Plumb & Murray, Portland, ME, for Mr & Mrs R, Consol Plaintiff.

Eric R. Herlan, Melissa A. Hewey, Drummond, Woodsum & MacMahon, Portland, ME, for Maine School Administrative District No. 35, Plaintiff.

### ORDER GRANTING MR. AND MRS. R.'S PETITION FOR ATTORNEYS' FEES

GENE CARTER, Senior District Judge.

Mr. and Mrs. R. filed this petition pursuant to Local Rule 54.2 to recover attorneys' fees and related expenses incurred in defending against an action brought by Maine School Administrative District No. 35 ("the District") for injunctive relief. The Court of Appeals for the First Circuit has held that, in the action for injunctive relief, Mr. and Mrs. R. were "prevailing parties" under the Individuals with Disabilities Education Act ("IDEA") attorneys' fees provision. 20 U.S.C. § 1415(i)(3)(B). The Court has carefully reviewed the arguments presented by counsel on the issue of whether there are any "special circumstances" that would bar the award of fees. Finding that this case presents no "special circumstances," the Court will next consider the District's arguments regarding the reduction in the fees requested.

■ Attorneys' fees are calculated "by means of the time-and-rate method known as the lodestar." *Weinberger v. Great Northern Nekoosa Corp.*, 801 F.Supp. 804, 811 (D.Me.1992), *aff'd sub nom. BTZ, Inc. v. Great Northern Nekoosa Corp.*, 47 F.3d 463 (1st Cir.1995). The "lodestar" calculation represents the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The resulting figure may be adjusted up or down based the plaintiff's degree of success in the lawsuit. *See id.* at 434, 103 S.Ct. at 1940. Mr. and Mrs. R. have supported their attorneys' fees request with the affidavit of Richard O'Meara, a partner at the law firm Murray Plumb & Murray setting forth his experience and hourly rate as well as the hourly rates and experience of other attorneys and support staff who worked on the case. Attached to that affidavit are the contemporaneous time records generated by counsel over the course of the case, which provides the total fee sought. Mr. and Mrs. R. have also filed the affidavit of an Amy Sneirson, an associate attorney at the law firm of Murray Plumb & Murray, who has worked on this case, detailing her work experience and the affidavit of Rebecca Webber, a Maine attorney, attesting to the reasonableness of the hourly rates

billed in this type of case and the work it entailed.

The District argues that the family's fee award should be reduced from the amount requested. Specifically, the District asserts that the fee has been inflated by relying upon current hourly rates rather than rates actually billed, that the petition includes a number of time entries to which they are not entitled, and that the overall fee sought is unreasonably large in proportion to the underlying fee dispute on which the family prevailed. The Court will consider these matters in turn.

■ Mr. and Mrs. R. request that the Court calculate payment for time billed using each attorney's current hourly rate to reflect the delay in payment, instead of the hourly rate actually billed. The District contends that the hourly rate should be the hourly rate actually billed. In this case, the Court finds that an adjustment to reflect the current hourly rate is appropriate and that the current hourly rates billed by the attorneys are reasonable.

With respect to the number of hours billed, the District argues that the Court should reduce the fee for: (1) the time spent on the initial First Circuit appeal, (2) the time spent on other portions of the case, (3) the time spent requesting court delays, (4) repetitive entries or excessive time, (5) non-attorney time, and (6) the time spent preparing the fee request. The Court has carefully reviewed the arguments of counsel as well as the billing records and, with the exception of the non-attorney time, finds that the number of

hours billed reasonable. Therefore, the Court will deny the District's request to reduce the fee on all grounds other than the billed non-attorney time.

■ To the extent that paralegals and other non-lawyers are allowed to perform work that constitutes "the practice of law" under Maine law, such practice is inconsistent with Maine law. Because paralegals and summer associates are not admitted to practice law, reimbursement for services cannot be permitted. *See Weinberger*, 801 F.Supp. at 823. Under this Court's practice of not permitting hourly compensation for non-attorney time, the requested fee will be reduced by $3,483.50, which represents 33.2 hours of summer associate time and 7.7 hours of paralegal time.[1] Finally, the Court rejects the District's argument, in this case, that the fee sought is unreasonably large in relation to the underlying fee dispute on which the family prevailed.

The Court finds that, with the exception of the non-attorney time, the amount of the fee requested by Mr. and Mrs. R is reasonable.

Accordingly, it is **ORDERED** that Mr. and Mrs. R.'s Petition for Attorneys' Fees be, and it is hereby, **GRANTED** in the amount of Twenty–Four Thousand Six Hundred Ninety–Four Dollars and Seventy–Seven Cents ($24,694.77).

---

1. In his affidavit, Attorney O'Meara indicates that the hourly billable rate for paralegal services is $70.00, and 7.7 hours of paralegal services at that rate totals $539.00. Attorney O'Meara further states that the hourly billable rate for summer associate services is $85.00. While the expected total for 33.2 hours of summer associate services (based on an hourly billable rate of $85) is $2,822.00, it appears that 24.5 hours of summer associate time were actually billed at $90.00 per hour. Accordingly, the amount ultimately billed for summer associate time was $2,944.50, and it is this amount plus the $539.00 of paralegal time (for a total of $3,483.50) by which the Court will reduce the requested fee.